UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY,<br><br>Plaintiff,<br>v.<br><br>DAVID A. ZEECK ET. AL.,<br><br>Defendants. | Case No. C17-5948-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **MARCH 30, 2018** |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 4.

Plaintiff has filed a prisoner civil rights action under 42 U.S.C. § 1983 against defendants David A. Zeeck ("Tacoma News Tribune President and Publisher"), Dale Phelps ("Vice President of News"), Cammi Srivastava ("Director"), Mark Lane ("V.P. Finance"), and TJ Coterill ("journalist"), claiming defamation, libel, and several other tort infractions for an article allegedly published in the Tacoma News Tribune. Dkt. 1. Plaintiff alleges defendants' actions also violated his First, Fifth, and Fourteenth Amendment rights. *Id.* However, defendants are not state actors and as such are not liable under 42 U.S.C. § 1983. Because of this, plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends the action be dismissed without prejudice for failure to state a claim and that plaintiff's motion to proceed *in forma pauperis* be denied.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff, at the time he commenced the instant action, was incarcerated at Pierce County Jail. Plaintiff submitted a proposed 42 U.S.C. § 1983 complaint (Dkt. 1) to the Court on November 8, 2017. The Clerk notified plaintiff by letter of deficiencies in his submission, including that the filing fee requirement must be met and that plaintiff must either pay the $400.00 filing fee or file a proper application for *in forma pauperis* (IFP) status. Dkt. 2. On December 1, 2017, plaintiff filed a *pro se* Motion for Leave to Proceed In Forma Pauperis (Dkt. 4). The Clerk notified plaintiff by letter that his IFP application remained deficient and directed him to correct the deficiency by December 18, 2017 (Dkt. 5). To date, plaintiff has failed to correct the remaining deficiency in his IFP application, namely, he has failed to provide the Court with a trust account statement. The Court has not yet granted plaintiff's IFP application or served his complaint on defendants.

In his proposed complaint, plaintiff alleges defendants, as employees or agents of the Tacoma News Tribune, published "a false, unsubstantiated article" indicating that plaintiff had confessed to being a police informant. Dkt. 1, at 3. He claims that this false information appears every time his name is entered into Google's search engine. *Id.*, at 4. He further contends this false information has caused "enormous personal damage" to plaintiff including "loss of potential finance generated through book sales, death of close friend, attempted murder of son, assault of grandson, ostracized in his community, had house and vehicle shot at by gang member … forced into special housing unit by jail officials who determined plaintiff would be under attack in custody by jail threat groups, i.e. gangs." *Id.* Plaintiff contends the defendants' actions are defamatory and libelous and violate his First, Fifth, and Fourteenth Amendment rights under the U.S. Constitution. *Id.*, at 1. He seeks $5 million in compensatory, punitive, and consequential

1  damages. *Id.*, at 5. He also requests "recantation and apology" from the Tacoma News Tribune.

2  *Id.*

3  **DISCUSSION**

4  Federal courts must engage in a preliminary screening of cases in which prisoners seek

5  redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

6  1915A(a). This screening must take place "before docketing, if feasible or, in any event, as soon

7  as practicable after docketing." *Id.* The court must identify cognizable claims or dismiss the

8  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

9  state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who

10 is immune from such relief." *Id.* § 1915A(b).

11 A complaint must contain a "short and plain statement of the claim showing that the

12 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint

13 and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v.*

14 *United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a

15 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

16 theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Generally, before

17 the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide

18 the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend

19 the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992)

20 *overruled on other grounds by WMX technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.

21 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988);

22 *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be

23 granted "where the amendment would be futile or where the amended complaint would be

24

25

REPORT AND RECOMMENDATION - 3

1  subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v.*
2  *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.*,
3  885 F.2d 531, 538 (9th Cir. 1989)).

4      The first step in a § 1983 claim is to identify the specific constitutional right allegedly
5  infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42
6  U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been
7  proximately caused by a person acting under color of state law and (2) defendants' conduct must
8  have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws
9  of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). A third element of causation is
10 implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429
11 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*,
12 449 U.S. 875 (1980). Section 1983 is the appropriate avenue to remedy an alleged wrong only if
13 both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

14     Here, plaintiff claims that defendants, as employees or agents of the Tacoma News
15 Tribune, have violated his civil rights. A defendant may only be held liable under section 1983 if
16 he acted under color of state law. *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000).

17     Here, plaintiff's complaint alleges private individuals as agents of a non-state entity, the
18 Tacoma News Tribune, published slanderous and libelous information about him. Plaintiff does
19 not allege that defendants are state actors, nor does he allege facts indicating that defendants, as
20 state actors, personally participated in depriving him of a constitutional protection. *Paratt*, 451
21 U.S. at 535. Rather, he claims the information contained in the article was libelous, that persons
22 gaining that information are placing him in fear of violence, and that his close friend was killed
23 over the information. Dkt. 1.

24

25

REPORT AND RECOMMENDATION - 4

Mr. Casterlow-Bey alleges violations of his First, Fifth and Fourteenth Amendment rights but fails allege any facts or cognizable theory that would support these claims. Because plaintiff has not alleged that defendants are state actors and that, as state actors, they personally participated in depriving him of his constitutional rights, plaintiff has not brought a claim for which relief can be granted. Furthermore, given the nature of plaintiff's claims, amendment here would be futile. *Saul*, 928 F.2d at 843 (citing *Reddy*, 912 F.2d at 296; *Moore*, 885 F.2d at 538).

The Court recommends dismissing the action without prejudice and denying plaintiff's motion to proceed *in forma pauperis*.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 30, 2018** as noted in the caption.

Dated this 7th day of March, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge